## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENJAMIN MARCY**, on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | |
| | : | **CASE NO.** |
| v. | : : | |
| **SELECT MEDICAL CORPORATION**, 4714 Gettysburg Rd. Mechanicsburg, PA 17055 | : : : : | **JURY TRIAL DEMANDED** *Electronically filed* |
| -and- | : : : | |
| **SELECT EMPLOYMENT SERVICES, INC**, 4714 Gettysburg Rd. Mechanicsburg, PA 17055 | : : : : : | |
| Defendants. | : : | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Named Plaintiff Benjamin Marcy ("Named Plaintiff"), individually and on behalf of others similarly situated, files his Complaint against Defendants Select Medical Corporation and Select Employment Services, Inc (collectively "Defendants") for their failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; and O.R.C. § 4111.03 ("the Ohio Wage Act"). The FLSA claim is

brought as a collective action pursuant to 29 U.S.C. § 216(b). The Ohio Wage Act claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.   JURISDICTION AND VENUE

1.     This action is brought pursuant to the FLSA, the Ohio Wage Act, and 28 U.S.C. § 1331.

2.     This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants reside in the Middle District of Pennsylvania as their principal place of business is located in the Middle District of Pennsylvania.

## II.   PARTIES

### A.   Named Plaintiff

4.     Named Plaintiff is an individual, a United States citizen, and a resident of this judicial district.

5.      Named Plaintiff worked as an hourly, non-exempt "employee" of Defendants as defined in the FLSA and the Ohio Wage Act primarily in the position of Respiratory Therapist from approximately June 2021 to the present.

6.      At all times relevant, Named Plaintiff primarily performed non-exempt duties, such as providing direct care for Defendants' patients at their facility located in Newark, Ohio.

7.      Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

**B.    Opt-In Plaintiffs**

8.      Numerous individuals from different facilities owned, operated, and managed by Defendants are also filing consent forms to join this case. The current opt-in plaintiffs include Leslie Awonuga, Jessica Brosnan, Roxanne Dupal, Elizabeth Feliciano, Priscilla Ingram, Tramaine Johnson, Rebekah Kottmeyer, Leandra Yazzie, Fannie Lee, Serena McNew, Kristin O'Rourke, Annmarie Phillips, Rhonda Presson, Steve Johnson Sr., Tawana Gilbert, Tosha Trostle, and Lindsay Warren (all current opt-in plaintiffs will be collectively referred to as "Current Opt-In Plaintiffs"). Current Opt-In Plaintiffs' Consent to Join forms are filed herewith and attached as **Exhibit B**.

C.    **Defendants**

9.    At all times relevant, Defendant Select Medical Corporation is a corporation formed in the state of Delaware.

10.    At all times relevant, Defendant Select Employment Services, Inc. is a corporation formed in the state of Delaware.

11.    Upon information and belief, Defendant Select Employment Services, Inc. is an entity formed by, and subsidiary of, Defendant Select Medical Corporation.

12.    Defendants own and operate hospitals and clinics throughout the United States where they provide healthcare services, such as critical illness recovery, inpatient medical rehabilitation, and outpatient physical therapy for their patients.

13.    Upon information and belief, Defendants' headquarters is located at 4714 Gettysburg Road, Mechanicsburg, Pennsylvania 17055.

14.    Defendants are/were a single integrated enterprise and/or joint employers of Named Plaintiff, Current Opt-In Plaintiffs, and all other similarly situated direct care employees at all of their locations as defined in, or for the purposes of, the FLSA and the Ohio Wage Act.

15.    Defendants maintain interrelated operations, centralized control of labor relations, common management, common ownership, and common financial control.

16.    At all relevant times, Defendants have controlled the terms and conditions of employment for Named Plaintiff, Current Opt-In Plaintiffs, and others similarly situated. In so doing, Defendants are responsible for the human resources decision-making processes, including material terms and conditions of employment and other human resource operations, for Named Plaintiff, Current Opt-In Plaintiffs, and those similarly situated.

17.    At all relevant times, Defendants have had direct or indirect control and authority over Named Plaintiff's, Current Opt-In Plaintiffs', and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment. At all relevant times, Defendants exercised that authority and control over Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees.

18.    At all relevant times, Defendants have had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records. Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

19.    Defendants have registered multiple business entities as part of their

enterprise. However, Defendants are their "employer" because they operate the single integrated enterprise or otherwise function as joint employers.

20.    At all relevant times, Defendants have determined, shared, or co-determined those matters governing the essential terms and conditions of employment for Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees at Defendants' facilities.

21.    At all relevant times, Defendants have had direct or indirect control and authority over Named Plaintiff's, Current Opt-In Plaintiffs', and similarly situated employees' working conditions. At all relevant times, Defendants exercised that authority and control over Named Plaintiff, Current Opt-In Plaintiffs, and similarly situated employees.

22.    Upon information and belief, Defendants primarily function to operate a single group of hospitals, clinics, and other healthcare facilities throughout the United States.

23.    Defendants form a "single employer" as a single integrated enterprise and/or joint employers of Named Plaintiff, Current Opt-In Plaintiffs, and similarly situated employees because they operate a chain of communities and interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

24.    Because the work performed by Named Plaintiff, Current Opt-In

Plaintiffs, and all other similarly situated employees benefited Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees under the FLSA's definition of "employer."

25.    Defendants have substantial control over Named Plaintiff's, Current Opt-In Plaintiffs', and similarly situated employees' working conditions and over the unlawful policies and practices alleged herein.

26.    Upon information and belief, Defendants applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of their locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

27.    At all relevant times, Defendants suffered or permitted Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees to work. The work that Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees performed was for Defendants' benefit.

28.    During relevant times, Defendants maintained control, oversight, and direction over Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

29.    During relevant times, Defendants benefitted from the work performed by Named Plaintiff, Current Opt-In Plaintiffs, and those similarly situated.

30.    Upon information and belief, Defendants operate and control an enterprise and employ employees engaged in commerce or in the production of goods for commerce or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

31.    Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees at all of their locations, including policies, practices, and procedures relating to the payment of wages and compliance with the FLSA and the Ohio Wage Act (as applicable), including overtime wages, timekeeping, maintenance of records, etc.

32.    Defendants have been and continue to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

33.    Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

III.   **FACTS**

34.   During all times relevant, Named Plaintiff, Current Opt-In Plaintiffs, and Defendants' other similarly situated employees are hourly, non-exempt direct care employees who are entitled to overtime.

35.   Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees worked, or they were scheduled to work, forty (40) or more hours in one or more workweek(s) during the three (3) years immediately preceding the filing of this Complaint.

36.   During their employment with Defendants, Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated direct care employees were not fully and properly paid for all overtime wages because Defendants required an automatic 30-minute meal break deduction from their compensable hours worked, even when Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated direct care employees were unable to take a full, uninterrupted 30-minute meal break. However, Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees did not receive a bona fide meal break for the reasons.

37.   Although Defendants required the automatic deduction of a daily 30-minute meal break, Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated direct care employees were often unable to take a meal break or otherwise

took a shortened meal break because they had their meal break interrupted with substantive job duties.

38.   Defendants' facilities were understaffed, and, as a result of the same, Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated direct care employees were often too busy with substantive work to take a full, uninterrupted 30-minute meal break.

39.   Defendants did not have an effective process or otherwise did not properly implement an effective process for reporting all instances when their employees were unable to take a bona fide meal break so that meal break deductions were not applied.

40.   Consequently, a daily 30-minute meal break was deducted from hourly direct care employees' hours worked regardless of whether Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated direct care employees received a full, uninterrupted 30-minute bona fide meal break.

41.   As a result of Defendants' companywide policy and/or practice requiring a 30-minute automatic meal break deduction from their hourly, non-exempt direct care employees' compensable hours worked for meal breaks that were not taken at all, or that were interrupted by substantive work duties, Defendants knew or had reason to know that they were not compensating Named Plaintiff, Current

Opt-In Plaintiffs, and other similarly situated direct care employees for all hours worked.

42.    Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees regularly worked more than forty (40) hours per workweek, but they were not overtime premium for all of hours worked over forty (40) as a result of Defendants' daily meal break deduction for meal breaks that were not taken or that were otherwise interrupted or shortened by work.

43.    Defendants' failure to compensate Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated direct care employees, as set forth above, resulted in unpaid overtime.

44.    At all times relevant herein, Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees were employees as defined in the FLSA and the Ohio Wage Act.

45.    Defendants are and have been "employers" as that term is defined by the FLSA and the Ohio Wage Act.

46.    During relevant times, Defendants suffered or permitted Named Plaintiff, Current Opt-In Plaintiffs, and those similarly situated direct care employees to work more than forty (40) hours per workweek while not compensating them overtime premium for all such overtime hours worked.

47.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

48.     Defendants knowingly and willfully failed to pay Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees as described herein.

49.     Upon information and belief, for the three (3) years preceding the filing of this Complaint, Defendants applied the same pay practices and policies to all hourly, non-exempt employees at their facilities, including Named Plaintiff and Current Opt-In Plaintiffs.

50.     Defendants are in possession and control of necessary documents and information from which Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees would likely be able to calculate their damages, or they otherwise failed to keep such required information.

## IV.     **FLSA COLLECTIVE ALLEGATIONS**

51.     Named Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself, Current Op-In Plaintiffs, and all other similarly situated employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt direct care employees of Defendant who had an automatic meal break deduction applied to their hours worked in any workweek where they were paid for at least**

**forty (40) hours of work, beginning three (3) years prior to the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

52.    This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

53.    In addition to Named Plaintiff and Current Opt-In Plaintiffs, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful payroll policies and practices described herein. Defendants failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff, Current Opt-In Plaintiffs, and the putative FLSA Collective Members overtime for all overtime hours worked. Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

54.    The identities of the putative FLSA Collective Members are known to Defendants and are readily identifiable through Defendants' records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

55.    The net effect of Defendants' policies and practices is that Defendants willfully failed to fully and properly pay Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members their overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members.

## V.    RULE 23 CLASS ALLEGATIONS

56.    Named Plaintiff brings his Ohio Wage Act claims pursuant to Rule 23 as a class action on behalf of himself and all other members of the following class:

> **All current and former hourly, non-exempt direct care employees of Defendant who worked in Ohio and had an automatic meal break deduction applied to their hours worked in any workweek where they were paid for at least forty (40) hours of work, beginning two (2) years prior to the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

57.    During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked at least forty (40) hours per workweek, but they were not correctly compensated at a rate of at least one-and-one-half times (1.5x) their correct regular rates of pay, as that phrase is defined under the FLSA, for all hours worked in excess of forty (40) because of Defendants' companywide policies and/or practices of requiring a meal break deduction to be taken even when their employees did not receive a full, uninterrupted meal break.

58.     The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

59.     Named Plaintiff is a member of the Ohio Rule 23 Class, and his claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

60.     Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

61.     Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

62.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

63.     Questions of law and fact are common to the Ohio Rule 23 Class.

64.     Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

65.     Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

66.   Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

67.   Questions of law and fact that are common to the Ohio Rule 23 Class include but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty (40) per workweek because of the applied meal break deductions; (b) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to the Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

68.   A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual

alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI.    CAUSES OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

69.    All of the preceding paragraphs are realleged as if fully rewritten herein.

70.    This claim is brought as part of a collective action by Named Plaintiff on behalf of himself, Current Opt-In Plaintiffs, and the FLSA Collective.

71.    The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

72.    During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members.

73.    Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

74.    Defendants violated the FLSA with respect to Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective by failing to compensate them overtime

premium for all overtime hours worked because of Defendants' meal break deduction policies and/or practices described herein.

75.    Defendants also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

76.    Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

77.    Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members are entitled.

78.    The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

79.    As a direct and proximate result of Defendants' conduct, Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other

compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself, Current Opt-In Plaintiffs, and the FLSA Collective Members.

<u>**COUNT II:**</u>
**O.R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

80.    All of the preceding paragraphs are realleged as if fully rewritten herein.

81.    This claim is brought under the Ohio Wage Act.

82.    Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under the Ohio Wage Act.

83.    The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

84.    Named Plaintiff and the Ohio Rule 23 Class Members regularly worked in excess of the maximum weekly hours permitted under Section 4111.03 but for workweeks where they had a meal break deduction taken, even though they did not,

or were otherwise unable to, take an uninterrupted meal break, they were not paid overtime for all hours worked over forty (40) in a workweek.

85.    Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of Ohio law.

86.    Defendants' repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class Members were violations of the Ohio Wage Act, and, as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members were entitled.

87.    For Defendants' violations of the Ohio Wage Act, by which Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the Ohio Rule 23 Class Members.

## VII.  <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Named Plaintiff requests judgment against Defendants and for an Order:

A.    Certifying the proposed FLSA collective action;

B.      Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.      Certifying the proposed Ohio Rule 23 Class under the Ohio Wage Act;

D.      Finding that Defendants failed to keep accurate records in accordance with the Ohio Wage Act and that, as a result, Named Plaintiff, Current Opt-In Plaintiffs, the FLSA Collective, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

E.      Awarding to Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

F.      Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G.      Awarding to Named Plaintiff and the Ohio Rule 23 Class liquidated damages allowed by the OPPA;

H.      Awarding to Named Plaintiff, Current Opt-In Plaintiffs, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

I.      Awarding to Named Plaintiff, Current Opt-In Plaintiffs, the FLSA Collective Members, and the Ohio Rule 23 Class any such other and further relief as the Court deems just and proper;

J.      Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K.      Rendering a judgment against Defendants for all damages, relief, or any other recovery whatsoever.

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

Dated: <u>March 16, 2023</u>

<u>/s/ Larry A. Weisberg</u>
Larry A. Weisberg (PA Bar No. 83410)
2704 Commerce Drive, Suite B
Harrisburg, PA  17110
Telephone:  (717) 238-5707
Facsimile:  (717) 233-8133
Email:  lweisberg@weisbergcummings.com

**NILGES DRAHER LLC**
Hans A. Nilges (OH Bar No. 0076017)* [1]
NILGES DRAHER LLC
7034 Braucher St NW, Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hnilges@ohlaborlaw.com

**COFFMAN LEGAL, LLC**
Matthew J.P. Coffman
(OH Bar No. 0085586)*
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated.*

---

[1] *Pro Hac Vice application to be filed