# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENJAMIN MARCY**, on behalf of himself and others similarly situated, : : : | |
| Plaintiff, : : | **CASE NO. 1:23-cv-00469-KMN** |
| v. : : | **JUDGE KELI M. NEARY** |
| **SELECT MEDICAL CORPORATION**, *et al.*, : : : | |
| Defendants. : : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

## I. FACTS & PROCEDURAL HISTORY

On March 16, 2023, Named Plaintiff filed his Collective and Class Action Complaint for Violations of the Fair Labor Standards Act ("FLSA") and Ohio Law ("Original Complaint") against Defendants Select Medical Corporation and Select Employment Services, Inc. (collectively, "Defendants"). Doc. 1. In the Complaint, Named Plaintiff alleged that Defendants failed to pay all overtime compensation that was due to him and other similarly situated direct care employees because Defendants did not pay them for non-bona-fide meal breaks. Named Plaintiff's claim for unpaid overtime was brought as a collective action under the FLSA and as a Rule 23 class action pursuant to O.R.C. § 4111.03 ("the Ohio Wage Act").

On April 20, 2023, Defendants filed their Motion to Dismiss, Docs. 16, 26, seeking to dismiss Named Plaintiff's Rule 23 claim under the Ohio Wage Act. Defendants' Motion to Dismiss was denied. Doc. 62.

On June 16, 2023, Named Plaintiff filed his Motion for Conditional Certification requesting that notice of the lawsuit be sent to all similarly situated potential opt-in plaintiffs, Docs. 33–34. Defendants opposed the Motion for Conditional Certification, Doc. 43. However, the Court granted Named Plaintiff's

request and ordered the issuance of notice, Doc. 57.[1] After notice was issued, approximately 2,834 individuals (inclusive of Named Plaintiff and pre-notice opt-in plaintiffs) filed consents to join this action.

The parties agreed to mediate the case shortly after the notice period ended. The parties engaged in numerous discussions about this potential avenue, which resulted in the parties jointly moving to stay the case on July 23, 2024. Doc. 96. On July 29, 2024, the Court granted this request and ordered further proceedings in the case to be stayed, existing deadlines to be vacated, and for the parties to file a joint status report by September 26, 2024. Doc. 27. On that deadline, the parties filed their joint status report to explain the following: (1) Defendants had yet been unable to produce the agreed "necessary payroll and timekeeping data by August 12, 2024" and (2) because of the foregoing, the parties had to reschedule their mediation to then occur on October 25, 2024. Doc. 98. Additionally, the parties requested to continue the stay that the Court had previously ordered. *Id.* The Court agreed and ordered the parties to file another joint status report by November 1, 2024 to explain the outcome of the mediation. Doc. 99.

The parties filed their second joint status report on November 1, 2024 to

---

[1] While the Motion for Conditional Certification was pending, the parties exchanged written discovery requests which both parties responded to. Named Plaintiff and other opt-in plaintiffs served their discovery responses in late August 2023.

update the Court on the fact that the payroll and timekeeping data had been produced but that Defendants ultimately "determined that mediation would be unsuccessful" at that time, resulting in the mediation's cancelation. Doc. 100. Accordingly, the parties requested that the Court vacate the stay and further order them to provide a proposed case schedule. *Id.* The Court agreed in its Order issued on November 4, 2024. Doc. 101.

On November 12, 2024, the parties filed their Joint Proposed Case Management Order, which the Court granted on November 13, 2024. Docs. 102–03. The Joint Proposed Case Management Order included the *agreed deadline* of March 14, 2025 for amending pleadings. Doc. 102. The Court adopted the parties' agreed deadline of *March 14, 2025* for any motion for leave to amend the pleadings pursuant to Federal Rule of Civil Procedure 15 and Local Rule 15.1 to be filed. Doc. 103.

Pursuant to the Court's Order, Named Plaintiff now respectfully and timely moves this Court for leave to file his First Amended Complaint, which will add new named plaintiffs as well as state-based class action claims that are premised on Federal Rule of Civil Procedure 23 and directly relate to the states where Defendants employed the additional named plaintiffs.

II.   **STATEMENT OF THE QUESTION INVOLVED**

    Should Plaintiff's timely request for leave to file his First Amended Complaint be granted?

Suggested Answer: <u>Yes</u>

### III.   **ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 15, Named Plaintiff is seeking leave to file his First Amended Complaint, attached as **Exhibit 1**, before the parties' agreed deadline, which the Court adopted. The Federal Civil Rules provide that courts should "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 201 (3d Cir. 2006) (stating substantially the same). Importantly, "[t]he Third Circuit has embraced a liberal approach to granting leave to amend to ensure that 'particular claim[s] will be decided on the merits rather than on technicalities.'" *Higgins v. Bayada Home Health Care, Inc.*, No. CV 3:16-2382, 2019 WL 6467857, at *1 (M.D. Pa. Dec. 2, 2019) (some alteration in original) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486–87 (3d Cir. 1990)).

Rather, leave to amend when attempting to comply with Rule 15 should be granted "in the absence of *undue* delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Bamgbose v. Delta-T Grp., Inc.*, 724 F. Supp.2d 510, 517 (E.D. Pa. 2010) (emphasis added) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); and *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410,

1434 (3d Cir. 1997)). "Delay alone is not sufficient to justify denial of leave to amend[]" under Rule 15's liberal interpretation. *Arthur*, 434 F.3d at 204 (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). Indeed, delay in amending will only be dispositive if "the delay unduly prejudices the nonmoving party." *Bamgbose*, 724 F. Supp.2d at 517–18 (citing *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). Further, regarding undue prejudice, "[t]o successfully oppose the plaintiff's motion, the defendant 'must demonstrate that its ability to present its case would be seriously impaired were amendment allowed.'" *Id.* (quoting *Dole*, 921 F.2d at 488).

*Higgins* provides helpful and nearly comprehensive guidance on how the Court should proceed here. Therein, the named plaintiff sought leave to amend "to add six state law minimum wage claims, as well as six additional named plaintiffs." 2019 WL 6467857, at *1. Although the request for leave was subjected to the higher Rule 16 burden for showing good cause, the Court nonetheless found that she satisfied her burden. *Id.* at *3. Further, when evaluating the lesser burden under Rule 15 for bad faith or undue delay, the Court noted "the Third Circuit's liberal approach to granting leave to amend" and granted the plaintiff's request. *Id.* at *4, *5.

Given the applicability of Rule 15[2] and the Third Circuit's liberal approach to

---

[2] Named Plaintiff has also reviewed and complied with Local Rule 15.

Page **6** of **10**

timely requests for leave, the Court should summarily grant this Motion and permit Named Plaintiff to file his First Amended Complaint. As an initial matter, the request for leave is made before the deadline to amend the pleadings. Doc. 103. *See Walsh v. World Fresh Market, LLC*, No. CV 2020-38, 2021 WL 4167278, at *3 (D.V.I. Sept. 13, 2021) ("[B]ecause the motion was filed within the deadline the Court set for the parties to seek to add parties or amend their pleadings, the timing of the motion does not place any unwarranted burden on the Court."). And although this case was originally filed in March 2023, it was also stayed for a several months. *See* Docs. 96–101. Moreover, Defendants have not conducted any formal discovery since the Motion for Conditional Certification was fully briefed in August 2023.

Named Plaintiff anticipates that Defendants will attempt to argue that the Court should deny leave to amend because of "undue delay" and "undue prejudice." As previously stated, however, no undue delay has occurred. After the notice period ended, the parties stayed the case to mediate the dispute. Docs. 96–98, 100–01. However, Defendants ultimately declined to mediate the case, and the parties requested the Court to vacate the stay. Doc. 100. This request is made in a timely manner within the parties' agreed timeframe and ordered by the Court. Docs. 102–03. So, while the case was delayed due to the parties' agreement to mediate the case, Defendants cannot show that Named Plaintiff has "unduly" delayed the proceedings.

*See Higgins*, 2019 WL 6467857, at *4 (citing *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)) ("[T]he mere passage of time [] does not require a denial of leave to amend under Rule 15(a).").

Second, Named Plaintiff expects Defendants also to argue that they will be unduly prejudiced by this amendment, but that argument will also fail. Given that this Court has previously granted nearly identical amendment requests—even under the more stringent Rule 16 standard—denying leave to amend solely because the Named Plaintiff seeks to add additional named plaintiffs and relevant state law claims, particularly when a Rule 23 class has already been pled under Ohio law, would be unjustified. *See id.* Again, Defendants have not pursued formal discovery since August 2023, so Defendants still retain every opportunity to seek discovery regarding the Rule 23 state law claims that will be pled alongside the existing Ohio Rule 23 claims. Even so, "the need for additional discovery, in and of itself, does not necessarily warrant denial of leave to amend a pleading[.]" *Id.*

Therefore, and for the above reasons, Named Plaintiff respectfully requests that he be permitted to file his First Amended Complaint attached as **Exhibit 1**.[3]

---

[3] A copy of the original Complaint with tracked changes and the new material underlined is attached as **Exhibit 2** pursuant to LR 15.1(b).

Respectfully submitted,

**NILGES DRAHER LLC**
*/s/ Hans A. Nilges*
Hans A. Nilges (OH Bar No. 0076017)
7034 Braucher St NW, Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hnilges@ohlaborlaw.com

**COFFMAN LEGAL, LLC**
*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (OH Bar No. 0085586)
1550 Old Henderson Rd Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

Larry A. Weisberg (PA Bar No. 83410)
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
Telephone: (717) 238-5707
Facsimile: (717) 233-8133
Email: lweisberg@weisbergcummings.com

*Attorneys for Named Plaintiff and those similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2025, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman

*Attorneys for Named Plaintiff and those similarly situated*
