IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN MARCY, on behalf of himself and others similarly situated, | ) CASE NO. 1:23-cv-00469-KMN<br>)<br>) |
| Plaintiff, | ) JUDGE KELI M. NEARY<br>) |
| v. | )<br>) |
| SELECT MEDICAL CORPORATION, et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

I.  **INTRODUCTION**

Two years after dismissing and refiling this action, and more than a year after Plaintiff Benjamin Marcy learned of the four newly-proposed named Plaintiffs and their state law class action claims, he now seeks to amend his Collective and Class Action Complaint ("Complaint") to add four new named Plaintiffs and four new state law class action claims. However, Plaintiff offers no explanation whatsoever for his lack of diligence and failure to seek to amend sooner. The only attempt by

Plaintiff to explain his delay appears to rest entirely on the brief stay of this matter – a stay which lasted less than four months. But Plaintiff completely glosses over the combined eight months prior to and following that brief stay when he made no effort to amend his Complaint while having full knowledge of those new Plaintiffs and their claims.

Despite the fact that, ordinarily, courts will "freely give" leave to amend amendments and that delay alone typically is not grounds for denial, the Third Circuit has repeatedly held that denial is warranted when "a movant has had previous opportunities to amend a complaint" and has "offered no cogent reason for the delay in seeking the amendment." *Rhymer v. Philip Morris, Inc.*, 164 F. App'x 268, 269 (3d Cir. 2006); *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013). Here, Plaintiff offers no cogent reason for his delay in seeking to amend his Complaint, and for that reason alone, his Motion should be denied.

Further, denial is appropriate when the delay in seeking to amend is prejudicial to the other party or when the amendment will cause prejudice by requiring the other party to "expend significant additional resources to conduct discovery and prepare for trial." *Bridges v. Saul*, No. 1:17-CV-02285, 2021 WL 2092929, at *2 (M.D. Pa. May 24, 2021). Both are also the case here. Plaintiff's unexplained and unjustified delay in seeking to amend has prejudiced Defendants by hindering their ability to develop the facts supporting its defenses, and Plaintiff's

proposed addition of four new state law class action claims covering multiple thousands of additional current and former employees will likewise prejudice Defendants by forcing them to expend significant additional resources to conduct discovery. Both of these reasons reinforce why Plaintiff's Motion should be denied.

## II.     BRIEF FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initially filed this lawsuit in federal court in Ohio but dismissed that action after Defendants' field a partial motion to dismiss. *See* N.D. Ohio, Case No. 2:22-cv-04451-ALM. Plaintiff then refiled his current Complaint over two years ago on March 16, 2023, asserting a nationwide collective action under the Fair Labor Standards Act ("FLSA") and a state class action claim under Ohio law. Doc. 1. Following subsequent briefing on Defendants' motion to dismiss and Plaintiff's motion for conditional certification, notice of the FLSA collective action was issued to more than 24,000 current and former employees across Defendants' facilities nationwide in January 2024. Doc. 64. Approximately 2,834 individuals opted to participate in that action. Doc. 107, p. 3. Included in those opt-in Plaintiffs were the four opt-in Plaintiffs that Plaintiff now seeks to add as named Plaintiffs, all of which opted into this action more than a year ago. Specifically, Sabrina Matkoskey became an opt-in Plaintiff on February 7, 2024, Cierra Smith and Khadija Snowden became opt-in Plaintiffs on February 13, 2024, and Lolita Latson became an opt-in Plaintiff on March 4, 2024. Docs. 70, 71, and 75.

The original deadline set by this Court for the parties to amend their pleadings and to add parties expired on March 25, 2024. Doc. 55. However, Plaintiff made no effort to move to amend his Complaint to add new claims or add the newly-proposed named Plaintiffs prior to that deadline or to seek any extension to that deadline before it expired.

More than four and five months after those individuals joined this action, on July 23, 2024, the parties jointly moved the Court to temporarily stay the case while they explored the possibility of mediation and potential resolution, which the Court granted on July 29, 2024. Docs. 96-97. Notwithstanding the Court's temporary stay, Defendants still expended considerable time, effort, and resources gathering, preparing, and producing extensive records reflecting the hours and time worked, meal break activity, and meal break cancellation data for each of the more than 2,800 opt-in Plaintiffs and over 3,700 current and former employees falling within the putative Ohio class – information that Plaintiff had previously requested in his requests for production of documents.

Ultimately, based on the parties' differing analysis of that data, pre-mediation communications, and Plaintiff's settlement demand, Defendants determined that mediation would be unproductive, so the mediation was cancelled, as either party was permitted to do. *See* Doc. 100. Subsequently, the parties jointly requested that the stay in this matter be lifted, which this Court granted more than four months ago

4

on November 4, 2024. Docs. 100-101. Subsequently, the Court ordered the parties to submit a proposed case management schedule. Plaintiff proposed a deadline to amend the pleadings by March 14, 2025, but Defendants did not agree since the deadline to amend pleadings had already expired prior to the jointly requested stay. As a compromise, the parties agreed that a party could *seek the Court's leave* to amend the pleadings by March 14, 2025. Accordingly, on November 12, 2024, the parties filed a Joint Proposed Case Management Order including the deadline of March 14, 2025 for either party to seek the Court's "leave to amend the pleadings." Doc. 103.

In the time since, the parties have been negotiating the appropriate scope of discovery for the 2,834 FLSA opt-in Plaintiffs and over 3,700 additional putative members (the number continues to grow) of the Ohio class action. Plaintiff served, and Defendants responded to a second set of discovery requests. Plaintiff also served a 30(b)(6) deposition notice on December 24, 2024, and Defendants have requested the deposition of Plaintiff and opt-in Plaintiffs (the subject of a current discovery dispute). Now, Plaintiff seeks to amend his Complaint to drastically expand the scope of this case to include four new state-law class action claims covering thousands of additional current and former employees at Defendants' 29 facilities in those four states. Doc. 107.

### III. <u>ARGUMENT</u>

### A. The standard for the appropriate denial of Plaintiff's Motion.

Federal Rule of Civil Procedure 15(a)(2) provides that a party seeking to amend a pleading (other than as a matter of course) may do so only with opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Generally, courts should "freely give leave" to amend "when justice so requires." *Id*. The motion is "nevertheless committed to the sound discretion of the district court." *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013) (*quoting Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001).

A district court has discretion to deny a request to amend when "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party. *Rhymer v. Philip Morris, Inc*., 164 F. App'x 268, 268–69 (3d Cir. 2006). Further, prejudice to the non-moving party is ordinarily the "touchstone" for the denial of an amendment, but "[n]evertheless, the court may deny a motion to amend in the absence of substantial or undue prejudice because of bad faith or dilatory motives, truly undue *or unexplained delay*, repeated failure to cure deficiency by amendments previously allowed, or futility of amendment." *Higgins v. Bayada Home Health Care, Inc*., No. CV 3:16-2382, 2019 WL 6467857, at *1 (M.D. Pa. Dec. 2, 2019) (*citing Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of V.I., Inc*., 663 F.2d 419,

6

415 (3d Cir. 1981) (emphasis added). Here, Plaintiff's proposed amendment falls squarely within several of these grounds for denial and, therefore, Plaintiff's Motion should be denied.

### B. Plaintiff's unexplained, undue delay in seeking to amend.

Generally, a parties' delay alone in seeking to amend a complaint, "does not justify denying a motion to amend." *Bridges v. Saul*, No. 1:17-CV-02285, 2021 WL 2092929, at *2 (M.D. Pa. May 24, 2021). However, delay alone "may become undue when a movant has had previous opportunities to amend a complaint." *Rhymer v. Philip Morris, Inc.*, 164 F. App'x 268, 269 (3d Cir. 2006) (upholding denial of amendment when the "case had been pending for over two and one half years before Rhymer moved to amend the complaint a second time."); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir.1993) (three-year lapse between filing of complaint and proposed amendment was "unreasonable" delay where plaintiff had "numerous opportunities" to amend).

Further, as the Third Circuit has explained, "a significant, *unjustified*, or 'undue' delay in seeking the amendment may itself constitute prejudice sufficient to justify denial of a motion for leave to amend." *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013) (emphasis added); *see also Higgins v. Bayada Home Health Care, Inc.*, No. CV 3:16-2382, 2019 WL 6467857, at *1 (M.D. Pa. Dec. 2, 2019) (*citing Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of*

7

*V.I., Inc.*, 663 F.2d 419, 415 (3d Cir. 1981) (explaining that denial of a motion to amend can be appropriate, even in the absence of substantial or undue prejudice, in the case of "truly undue or unexplained delay."). Applying this "principle," the Third Circuit has "refused to overturn denials of motions for leave to amend where "the moving party offered *no cogent reason for the delay in seeking the amendment*." *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013) (listing cases) (emphasis added). In such cases, "the question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir.2001).

    Here, Plaintiff offers no cogent explanation whatsoever for his extensive delay in seeking to amend his Complaint a full two years after his initial Complaint and more than a year after the newly-proposed named Plaintiffs opted into this action and his awareness of their state-law claims. Plaintiff points only to the fact that the Court temporarily stayed the proceedings in this matter for approximately four months while the parties explored potential mediation and resolution. However, Plaintiff's reliance on that brief stay is unavailing in light of the approximately eight months that this case was *not* stayed but Plaintiff still failed to seek to amend to add these new named Plaintiffs and their claims.

    Specifically, a full four and five months passed between the time that the proposed new named Plaintiffs each joined this action as opt-in Plaintiffs (Feb. 13-

Mar. 4, 2023) and the parties' request for the court to temporarily stay the matter (July 23, 2023). Docs. 70, 71, 75, 96. Once those individuals opted-in to this case, Plaintiff was on notice and aware of their identities and their state-law claims. Importantly, Plaintiff was aware of their identities and their state-law claims prior to the expiration of the Court's original deadline of March 25, 2024 to amend the pleadings and to add new parties. Yet, Plaintiff offers no explanation for why he failed to seek to amend his Complaint or to add them or their claims prior to the Court's original deadline or at any point during the four to five months between them joining this action and the parties' request for a temporary stay. Likewise, this Court lifted the stay on November 12, 2024. Doc. 101. Plaintiff again offers no explanation – let alone a "cogent" one – for why another four months passed before his seeking to amend to add the newly proposed named Plaintiffs and their state-law claims during that time and for over a year after he learned of them.

As noted above, cases of unexplained delay in seeking to amend "requires that [a court] focus on the movant's reasons for not amending sooner." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir.2001). And, when a moving party failed to offer any "cogent reason for the delay in seeking the amendment," the Third Circuit has "refused to overturn denials of motions for leave to amend." *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013) (listing cases). In light of Plaintiff's failure in offering any cogent explanation for his complete lack

9

of diligence in seeking to timely amend his Complaint for over a year after learning of the identies and claims of the newly proposed named Plaintiffs – over eight months even accounting for the temporary stay of this matter – Plaintiff's Motion should be denied.

### C. Defendants will be significantly prejudiced by Plaintiff's sought amendment.

In addition to Plaintiff's unexplained, unjustified reasons for not seeking to amend his Complaint sooner, his proposed amendment should also be denied due to the significant prejudice it will cause Defendants.

#### 1. Prejudice caused by Plaintiff's undue delay.

Just as delay alone can become "undue" when no cogent explanation is offered for the delay, delay alone may also become "undue" when it "places an unwarranted burden on the court, or prejudicial when it places an unfair burden on the opposing party." *Bridges v. Saul*, No. 1:17-CV-02285, 2021 WL 2092929, at *2 (M.D. Pa. May 24, 2021). Here, Defendants have already been prejudiced as a result of Plaintiff's undue delay in seeking his amendment.

Specifically, the core of Plaintiff's newly-asserted class action claims is that each and every current and former direct patient care employee at Defendants' numerous facilities in those four new states were uniformly and regularly denied their lunch breaks and were not properly paid when they missed those lunch breaks – akin to their allegations under the FLSA and Ohio law. Doc. 107, pp. 2, 8.

10

Unsurprisingly, Defendants' defenses to class treatment and the merits of those claims will include the fact-specific circumstances of each of the current and former employees within the newly proposed classes, including their specific work locations, positions, job duties, training, work conditions, meal break circumstances, and supervisors. As such, Defendants' defenses are necessarily reliant upon the knowledge and recollections of individual supervisors and human resources employees at those locations and their memories of the individual work circumstances and lunch break practices of the purported class members.

Plaintiff's delay of more than a year since he was made aware of the newly-proposed named Plaintiffs and their state law claims serves to unfairly prejudice Defendants and improperly work to Plaintiff's advantage. In particular, the knowledge and memory of those supervisors and human resources professionals upon which Defendants' factual defenses depend are a full year older as a result of Plaintiff's delay. Further, as with any business, employees come and go, and across the 29 facilities covered by the four new state law class actions, there can be no dispute that some of those supervisory and human resources employees whose memories and knowledge are critical for Defendants' defenses are no longer employed there, so securing their testimony will now be increasingly difficult, if not impossible. *See Merican, Inc. v. Caterpillar Tractor Co.*, 596 F. Supp. 697, 706 (E.D. Pa. 1984) (denying plaintiff's motion to amend based, in part, on plaintiff's

delay causing the unavailability of potential witnesses for defendant); *Brookman v. Twp. of Hillside*, No. CV 09-2178 (WJM), 2018 WL 4350278, at *3 (D.N.J. Sept. 12, 2018) (denying motion to amend, in the absence of any "legitimate reason" for delay in seeking the amendment and that the prejudice to the other parties was "obvious" given the passage of time because "memories fade, access to sources of proof become impaired and justice suffers.")

### 2. Prejudice caused by Plaintiff's seeking to greatly expand scope of action.

In addition to the prejudice caused by Plaintiff's undue delay, Defendants will also be prejudiced by Plaintiff's attempt – two years into this action and less than five months from the close of fact discovery – to greatly expand the scope of this case. To establish prejudice related to the substance of an amendment, a non-moving party must show how "allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction." *Bridges v. Saul*, No. 1:17-CV-02285, 2021 WL 2092929, at *2 (M.D. Pa. May 24, 2021) (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)). Here, Plaintiff's proposed amendment will require Defendants to expend significant additional time and resources to conduct discovery and defend against this action.

Plaintiff completely ignores the added burden in discovery that his proposed amendment will place on Defendants. Instead, Plaintiff's motion focuses entirely on that fact that "*Defendants* have not conducted any formal discovery since … August 2023." Doc.107, pp. 7-8 (emphasis added). This ignores the fact that in cases like this – FLSA and state law claims for unpaid wages for time worked – the overwhelming burden of discovery falls on Defendants to produce extensive documents and records, including the time and pay records for every current and former direct patient care employee who opts into the FLSA collective action and who worked at a facility in the states where class action claims are pending in response to *Plaintiff's* discovery requests.

In fact, despite Plaintiff's attempt to characterize the discovery in this matter to date as minimal, Defendants were served with formal discovery requests by Plaintiff which sought, among many other things, all "documents and ESI that refer, reflect or relate to Defendants' compensation to Plaintiffs" and for all "documents and ESI that refer, reflect or relate to dates worked and to the number of hours worked each day and/or week by Plaintiffs" for the entire relevant time period. *See* Exhibit 1, at Plaintiff's Requests for Production Nos. 1-2. In response, and despite the brief stay of this matter, Defendants still expended significant resources, effort, and expense over the course of approximately 20 months from February 2023 to November 2024 in responding to Plaintiff's interrogatories and collecting,

preparing, and making a rolling production that included 12 rounds of documents and data, including the requested time and pay records for the 2,834 opt-in Plaintiffs and for the over 3,700 current and former employees working at Defendants' Ohio facilities.

Contrary to the impression that Plaintiff attempts to create, this is not a case where discovery has barely begun or where the discovery that will be required in connection with the new proposed class claims will be minimal. Defendants have already invested considerable time, effort, and expense responding to discovery and gathering and producing extensive time and pay records for over 6,000 employees as well as additional documents, files, and records related to policies, trainings, and to Plaintiff and 26 opt-in Plaintiffs. As such, while Plaintiff tries to argue that the addition of four new state law claims will not prejudice Defendants because "*Defendants* have not pursued formal discovery since August 2023" and that "*Defendants* still retain every opportunity to seek discovery," Plaintiff ignores that the addition of multiple thousands more purported class plaintiffs to this case will unquestionably result in Defendants having "to expend significant additional resources to conduct discovery" because the lion's share of all the collection and production of relevant data falls on Defendants.

In such cases, denial of an amendment is appropriate. *See Sprauve v. CBI Acquisitions, LLC*, No. CIV. 09-165, 2012 WL 6755467, at *7 (D.V.I. Dec. 21,

2012) ("permitting Sprauve to amend his complaint at this time would cause Caneel Bay to undertake additional discovery, cost, and expense which would be unduly prejudicial to Caneel Bay."); *Merican, Inc. v. Caterpillar Tractor Co.*, 596 F. Supp. 697, 706 (E.D. Pa. 1984) (denying motion to amend, finding "[t]he amendment would require Caterpillar to engage in additional, and possibly duplicative, discovery, and would necessitate a lengthy and complicated trial."); *In re SoClean, Inc., Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 22-MC-152, 2024 WL 4753978, at *3 (W.D. Pa. Nov. 12, 2024) (denying motion to amend because the proposed amendment "implicates similar concerns about excessive costs and delays in this litigation."). As such, due to the undue prejudice caused to Defendants by the imposition of the need to expend significant additional resources to conduct discovery, Plaintiff's proposed amendment should be denied.

## IV.   CONCLUSION

In light of Plaintiff's unexplained, unjustified, and undue delay, as well as the prejudice to Defendant caused by Plaintiff's delay and the imposition on Defendants to expend significant additional resources, effort, and costs for discovery related to Plaintiff's greatly expanded class claims, Plaintiff's Motion should be denied.

Dated: March 27, 2025   Respectfully submitted,

/s/ *Thomas R. Simmons*
Thomas R. Simmons (*pro hac vice*)
Christine M. Snyder (*pro hac vice*)
Ariana E. Bernard (*pro hac vice*)

        TUCKER ELLIS LLP
        950 Main Avenue—Suite 1100
        Cleveland, OH  44113-7213
        Telephone: 216.592.5000
        Facsimile:  216.592.5009
        Email:     thomas.simmons@tuckerellis.com
                      christine.snyder@tuckerellis.com
                      ariana.bernard@tuckerellis.com


        MCNEES WALLACE & NURICK LLC
        Devin J. Chwastyk, PA ID 91852
        Adam R. Long, PA ID 89185
        Lauren Anthony, PA ID 324557
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA 17108-1166
        (717) 232-8000
        Email:     dchwastyk@mcneeslaw.com
                      along@mcneeslaw.com
                      lanthony@mcneeslaw.com

*Attorneys for Defendants Select Medical Corporation and Select Employment Services, Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on March 27, 2025. Service of this filing is made pursuant to Fed. R. Civ. P. 5(b)(2)(E) by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Thomas R. Simmons*
*One of the Attorneys for Defendants*
*Select Medical Corporation and Select*
*Employment Services, Inc.*

6841033.v1