IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENJAMIN MARCY**, on behalf of himself and others similarly situated, | : <br> : <br> : |
| Plaintiff, | : CASE NO. 1:23-cv-00469-KMN <br> : |
| v. | : JUDGE KELI M. NEARY <br> : |
| **SELECT MEDICAL CORPORATION**, *et al.*, | : <br> : <br> : |
| Defendants. | : |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Named Plaintiff Benjamin Marcy ("Named Plaintiff") filed his Motion for Leave to File First Amended Collective and Class Action Complaint ("First Amended Complaint") on March 13, 2025. Docs. 106–07 (collectively "Motion for Leave" or "Motion"). Therein, Named Plaintiff requested leave to add four (4) other named plaintiffs as well as Federal Rule of Civil Procedure 23 class action claims for several states where each proposed named plaintiff was employed by Defendants Select Medical Corporation and Select Employment Services, Inc. (collectively, "Defendants"). *Id.*

On March 27, 2025, Defendants filed their Brief in Opposition to the Motion for Leave ("Response"). In their Response, Defendants argued that (1) Named Plaintiff unduly delayed in requesting leave to amend and (2) Defendants would be

unduly prejudiced if Named Plaintiff's request is granted. Doc. 110. Notably, Defendants fail to adequately address a central fact: the Motion was timely filed pursuant to the [Joint Proposed] Case Management Order—an order Defendants helped draft and jointly submitted to the Court. Doc. 102. That proposed order, which the Court subsequently adopted, expressly provided the following deadline:

> **Motion for Leave to Amend**
> **The Pleadings Pursuant to**
> **Federal Civil Rule 15 and**
> **Local Rule 15.1:**                          March 14, 2025

Docs. 102 & 103. Plaintiff complied with that deadline, filing the Motion on March 13, 2025—*one day before* the agreed-upon and Court-ordered cutoff. This was the precise schedule Defendants jointly proposed and the Court endorsed.

Against that backdrop, Defendants' claims of "undue delay" or "prejudice" ring hollow. If either concern truly existed, it raises the obvious question: Why did Defendants propose this amendment deadline and ask the Court to adopt it as an Order? Their briefing offers no meaningful answer.

Further, Defendants' Response does not overcome the liberal allowance afforded to Named Plaintiff's timely request pursuant to Rule 15. More specifically, the Court should reject Defendants' arguments and grant Named Plaintiff's Motion because any delay in this case is either attributable to Defendants or was otherwise reasonably foreseeable and, therefore, not undue. The alleged prejudice that Defendants would endure if the Motion is granted is not undue but simply a natural

byproduct of defending a collective and class action lawsuit for a company that operates in many states. Moreover, Named Plaintiff and the collective/class members would face significant or undue prejudice if Named Plaintiff were not permitted to amend.

Therefore, and for the following reasons, the Court should grant Named Plaintiff's Motion and allow him to file the First Amended Complaint.

## I.   FACTUAL/PROCEDURAL BACKGROUND

Much of the factual and procedural background that Defendants present is inaccurate because they omit material information relevant to their delay.

For example, as previously stated in the Motion for Leave, Defendants filed their Motion to Dismiss on April 20, 2023, seeking dismissal of the Ohio Rule 23 claims. Docs. 16, 26. Significant briefing occurred because of this filing, and it was not until December 6, 2023, that the Court issued its ruling to deny that motion. Doc. 62. In other words, Defendants created months' worth of delay alone with their denied motion.

Named Plaintiff filed his Motion for Conditional Certification on June 16, 2023, which was later granted on November 1, 2023. *See* Docs. 33–34, 43, 57. Despite the Order being granted on November 1, 2023, Defendants required 68 days to provide the list of potential opt-ins. Even after the 68 days to provide the list of potential opt-ins, the parties determined that Defendants failed to include more than

650 potential opt-ins on their initial list, delaying notice to certain individuals entitled to receive notice by more than a month. Defendants' failure to produce a complete list of potential opt-ins resulted in an extended deadline for returning consents forms. Thus, the latest deadline for potential opt-ins to join was June 11, 2024.

Before the deadline to join passed, Named Plaintiff's counsel contacted Defendants' counsel to discuss the possibility of scheduling mediation to discuss a resolution of the lawsuit. These discussions resulted in a preliminary agreement to mediate on June 5, 2024, subject to further discussions. On June 7, 2024, the parties discussed potential mediators. After the June 7, 2024 call between counsel, Named Plaintiff followed up with Defendants on June 19 and July 2. Defendants did not provide a substantive response until July 11. Thereafter, the parties filed a joint motion to stay the case on July 23, 2024. Doc. 96. But, importantly, conversations to mediate the case were initiated by Named Plaintiff *before* the deadline to join had passed, and the only reason why a stay had not been requested sooner was because of Defendants. Even after the Parties stayed the case, the original mediation was continued from September 19 to October 25, 2024, because Defendants failed to meet the parties' agreed deadline for producing pay and time data. Doc. 98.

Four days before the parties' rescheduled mediation, Defendants cancelled the mediation. Defendants ultimately declined to mediate the dispute, and the Parties

filed their joint status report on the ordered deadline of November 1, 2024, to explain the same.[1] Doc. 100. However, Named Plaintiff's counsel made Defendants' counsel aware on **October 21, 2024, at 7:20 p.m.**,[2] before the stay was even lifted, that Named Plaintiff may amend the complaint to add more Rule 23 class action claims for various states where employees had been working—several of which are now included in the proposed First Amended Complaint.

Thereafter, on March 13, 2025, Named Plaintiff timely requested leave to amend his complaint, add named plaintiffs, and add related Rule 23 claims.

## II.  LAW & ARGUMENT

Defendants claim that they oppose Named Plaintiff's Motion for Leave because (1) Named Plaintiff has purportedly unduly delayed in seeking to amend his Complaint and (2) Defendants would be severely prejudiced if the Motion were

---

[1] Defendants' reference to the fact that Named Plaintiff "could *seek the Court's leave* to amend the pleadings by March 14, 2025," Doc. 110, at Page 5 of 17 (emphasis in original), is a misstatement. Even if Named Plaintiff moved after the deadline to request leave to amend "pursuant to Federal Civil Rule 15," he is still permitted to seek the Court's leave to amend pursuant to Rule 16. Both the parties Joint Proposed Case Management Order and the Court's subsequent Case Management Order state that the March 14th deadline is simply governed by Rule 15. Docs. 102 & 103, at Page 1 of 2.

[2] The undersigned emailed Thomas Simmons and Ariana Bernard in advance of the parties' mediation. Although much of the email relates to settlement discussions, the undersigned also brought Defendants' attention that the only Rule 23 claims presently asserted in the case were in Ohio and stated that additional Rule 23 claims may be added for workers in other states including Missouri, New Jersey, Pennsylvania, and Wisconsin. The undersigned will provide the Court with the portion of the email related to the amendment at the Court's request.

granted. These arguments, however, are merely a deflection of the significant delay that *Defendants* have already created throughout this lawsuit and the fact that Defendants' employees are the primary sufferers of undue prejudice if this Motion were denied. Each argument will be discussed in turn.

### A. The Only "Delays" in this Lawsuit Are Either of Defendants' Own Making or Otherwise a Natural Byproduct of Litigation.

Named Plaintiff has not created any meaningful delay in this case—rather, Defendants have been the only party that has caused delay.

Discussion of Defendants' actions and inactions that led to delay are discussed above. However, the fact is that Named Plaintiff's counsel contacted Defendants' counsel to determine whether Defendants would agree to mediation several weeks ***before*** the deadline to join the case had passed. After the request to stay was granted, Defendants delayed the case for nearly five (5) months and never even mediated. Now that Named Plaintiff seeks to timely request leave to amend his complaint, Defendants feign outrage and blame Named Plaintiff for their own delay.[3]

Defendants argue that Named Plaintiff has been dilatory because they claim that Named Plaintiff made no effort until "more than a year after the newly-proposed

---

[3] Moreover, it was because other delays by Defendants forestalling notice to the potential opt-ins that Named Plaintiff did not seek to amend his Complaint before the first deadline. Nevertheless, the original amendment deadline is immaterial because the parties agreed and the Court adopted March 14, 2025, as the new deadline to amend. Docs. 102 & 103, at Page 1 of 2.

named Plaintiffs opted into this action and his awareness of their state-law claims" to pursue the same. *See* Doc. 110, at Page 8 of 17. And while employers have made this same argument in the past, the Court has rejected it—even when applying the heightened Rule 16 standard. *See Higgins v. Bayada Home Health Care, Inc.*, No. CV 3:16-2382, 2019 WL 6467857, at *2–3 (M.D. Pa. Dec. 2, 2019). Furthermore, "the mere passage of time . . . does not require a denial of leave to amend under Rule 15(a). *Id.* at *4 (citing *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)). Simply put, Named Plaintiff did not explain the reason for his "delay" because he has not engaged in any "delay" worth explaining beyond a generic acknowledgment that litigation, and any effort to resolve the same, takes time. Moreover, Defendants have been the primary, if not sole, cause of the delay in this action.

Defendants' cases purportedly supporting their "delay" argument are inapposite and should thus be disregarded. For example, *Rhymer v. Philip Morris, Inc.* involved a plaintiff who apparently misunderstood his legal options and waited to file his motion for leave "16 months *after* the date set by the court to file amendments to pleadings" and after "most discovery had been completed." 164 F. App'x 268, 269 (3d Cir. 2006) (emphasis in original). Further, the plaintiff in *Lorenz v. CSX Corp.* waited *three (3)* years to seek the amendment at issue "and nearly two years after the complaint was amended for the second time" where such amendment

involved adding facts available to the plaintiff before making previous amendments. 1 F.3d 1406, 1414 (3d Cir. 1993).

*CMR D.N. Corp. v. City of Philadelphia* is not relevant to this case because the plaintiff requested leave to amend where the topic had not been addressed in numerous other filings and was the product of the plaintiff's own oversight. *See* 703 F.3d 612, 629–30 (3d Cir. 2013). Within the same vein, the plaintiffs in *Cureton* moved to amend post-judgment, which was also three (3) years after the complaint was filed, and the sought amendment also related to factual information already known by the plaintiffs 2.5 years before they sought leave. *See* 252 F.3d at 273–74. Conversely, Named Plaintiff alerted Defendants to the possibility of pursuing additional Rule 23 claims on October 21, 2024, and proceeded to timely request leave before the parties' agreed deadline for any amendments under Rule 15.

While good-faith litigation efforts and the mere passage of time are not mutually exclusive, Named Plaintiff and his counsel have conducted themselves diligently throughout this case. They sought a potential resolution through mediation even ***before*** the deadline to join the case had passed, while Defendants took several months to decide they were unwilling to proceed with the rescheduled mediation. With information learned after hundreds of similarly situated workers chose to join this action, Named Plaintiff was in a much better position to determine which other Rule 23 state-based claims to bring. Again, Named Plaintiff's counsel communicated

this intention as early as October 21, 2024—months before the deadline to amend. Defendants' efforts to compare other cases where parties sought to amend pleadings months or years after the deadline to amend passed or several prior amendments were already filed do not bolster their position but demonstrate that leave is proper. Therefore, the Court should grant the Motion.

> **B.** **Defendants Will Not Face Undue Prejudice if the Motion Is Granted, but Named Plaintiff and Others Will Be Severely Prejudiced if the Motion Is Denied.**

Just as Defendants attempt to project their delay onto Named Plaintiff, they also seek to impose extreme, undue prejudice on Named Plaintiff and their other employees by inaccurately asserting that they will be unduly prejudiced if leave is granted. But, again, Defendants are wrong on both counts. The balancing of the prejudice suffered (1) by Defendants, should they have to defend against the additional Rule 23 claims, and (2) by Named Plaintiff, the proposed additional named plaintiffs, and the putative Rule 23 class members, if they are not permitted to pursue these claims, weighs heavily in Named Plaintiff's favor.

As explained above, the Court should reject Defendants' argument that Named Plaintiff's "delays" in seeking leave to amend create prejudice that justify denying the Motion. *See* Doc. 110, at Page 10–11 of 17. Under the guise of "prejudice," Defendants take this argument even further to argue that Named Plaintiff's alleged "delay" has severely impacted the case because of the individualized nature of the

claims combined with the fading memories of witnesses and other deponents. *See id.* at Page 11 of 17.

In making this argument, Defendants conveniently forget that (1) the Court already preliminarily concluded that FLSA collective members—comprised of employees from all over the country—were similarly situated and (2) the mere existence of individualized inquiries is not enough on its own to defeat class treatment, which itself is not the operative analysis for the instant Motion, but would instead be more appropriately considered upon a Rule 23 certification motion. Indeed, Defendants' "defenses can be litigated through representative proof" as long as "[c]ommon questions of law and fact overwhelm any purported individualized defenses and inquiries[.]" *Thomas v. TEKsystems, Inc.*, No. CV 2:21-cv-460, 2025 WL 756067, at *21 (W.D. Pa. Mar. 10, 2025); *see also Garcia v. Vertical Screen, Inc.*, No. CV 18-4718, 2022 WL 282541, at *5 (E.D. Pa. Jan. 31, 2022) (quoting *Andrako v. U.S. Steel Co.*, 788 F. Supp.2d 372, 382 (W.D. Pa. 2011)) ("Although litigating these claims as a collective action will undoubtedly involve some measure of individualized determination (as many, if not most, collective actions do), to litigate them separately would be 'the worst possible outcome in terms of efficiency' and would 'place each opt-in Plaintiff back at square one without the benefit of pooled resources to resolve the common liability questions in this case.'"). Moreover, Defendants have **long** been on notice to preserve/obtain testimony and

other evidence that relies on individuals' memories from the applicable states, especially considering that: (1) **nationwide** collective FLSA claims have been present in this action since its filing on March 16, 2023; (2) as early as November 1, 2023, the Court conditionally certified and ordered **nationwide** notice; and (3) Named Plaintiff informed Defendants that he may add several Rule 23 claims for numerous other states on October 21, 2024.[4] Indeed, Defendants fail to identify anything that would curtail their duty to preserve/gather evidence whether or not FLSA opt-in plaintiffs later become Rule 23 representative plaintiffs.

Again, Named Plaintiff's counsel informed Defendants' counsel of an intention to amend and add other Rule 23 claims several months before the March 14th deadline. Defendants cannot now claim to be prejudiced just because they disregarded Named Plaintiff's advance notice.[5] Defendants' argument of undue prejudice is an exaggeration of reasonably foreseeable complexities of

---

[4] Even so, Defendants' proffered case *Brookman v. Township of Hillside* is distinguishable because the Court denied leave to amend in 2018, which was **nine (9) years** after the filing of the complaint and **eleven (11) years** after the plaintiff would have known about the facts related to the proposed amendments. *See* No. CV 09-2178, 2018 WL 4350278, at *2 (D.N.J. Sept. 12, 2018). Defendants' other case is arguably more attenuated, as that request to amend came almost **four (4) years** after the original complaint, involved a distinct cause of action (i.e., common-law conspiracy in an antitrust case), and was brought after the antitrust claim was dismissed. *Merican, Inc. v. Caterpillar Tractor Co.*, 596 F. Supp. 697, 705–06 (E.D. Pa. 1984).

[5] The Court has found that having advance notice of proposed amendments bolsters granting a motion for leave to amend. *Higgins*, 2019 WL 6467857, at *4.

collective/class claims, and largely self-inflicted. Defendants' unsupported claim of being completely blindsided by the sought amendment does not warrant denial of leave to amend, especially considering the liberal standard governed by Rule 15.

Defendants conflate preferring not to do something with "undue prejudice," but not wanting to do more work to defend is not a sufficient reason to deny leave. *See* Doc. 110, at Pages 12–15 of 17. Defendants' arguments might lead one to think that Defendants have already expended an enormous amount of time, energy, and resources on defending this case. However, as Named Plaintiff previously mentioned in his Motion, and as impliedly conceded by Defendants in their Response, there has been ***no*** significant discovery since briefing on the notice issue concluded in August 2023. Doc. 107, at Page 7 of 10; *see* Doc. 110, at Page 5 of 17.

Defendants' preference not to respond to discovery in an FLSA collective and class action lawsuit does not meet or supplant the "undue prejudice" burden they must satisfy for Named Plaintiff's Motion to be denied. *See Higgins*, 2019 WL 6467857, at *4 (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990)) ("[T]he need for additional discovery, in and of itself, does not necessarily warrant denial of leave to amend a pleading, particularly where, as here, the parties are still in the preliminary stages of discovery."); *Sullivan-Blake v. FedEx Ground Package Sys., Inc.*, No. CV 2:18-cv-1698, 2021 WL 3563389, at *6 (W.D. Pa. Aug. 12, 2021) (internal quotation marks and further citation omitted) ("Given the liberal standard

under Rule 15(a), the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility."). Contrary to Defendants' wishes, however, "when faced with similar motions to amend filed at a similar stage of the proceedings, district courts routinely grant relief similar to that requested in" this Motion for Leave. *See Sullivan-Blake*, 2021 WL 3563389, at *8 (collecting cases).

The argument that Defendants will be prejudiced because the amendments will result in "the addition of multiple thousands more purported class plaintiffs to this case" is a red herring that the Court should reject. Doc. 110, at Page 14 of 17. Rather, the proper inquiry is the significant prejudice these putative Rule 23 class members would endure should Named Plaintiff not be permitted to amend. More specifically, all putative Rule 23 class members will be included in the action if certification is subsequently granted unless they opt out, whereas the FLSA collective only includes those members who return a consent form. Indeed, if leave is denied, certain FLSA opt-ins with potential Rule 23 claims may never have the opportunity to obtain state law damages that are more favorable than those available under the FLSA. For example, with the addition of Khadija Snowden as a Rule 23 class representative for Defendants' workers in New Jersey employees will be entitled to up to *6 years* of unpaid overtime damages whereas they are only entitled to two (2) years under the FLSA which can be extended to three (3) years if the violation is willful. *Compare* (N.J.S.A. § 34:11-56a25.1, 29 U.S.C. § 255(a)). In

addition, with the addition of Cierra Smith as a Rule 23 class representative for Defendants' workers in Missouri where employees will be entitled to 3 years of unpaid overtime damages without any requirement that they provide the violation was willful and they will also be entitled to twice the liquidated damages that are recoverable under the FLSA. *See* Mo. Rev. Stat. § 290.527. Further, the applicable statutes of limitations for any putative Rule 23 class member will be tolled, should leave be granted. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554, 94 S. Ct. 756, 766 (1974) ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class...").

Indeed, Named Plaintiff's timely request for leave is not requesting judgment against Defendants on behalf of these class plaintiffs or an adjudication regarding the merits of their claims—just the ability to *pursue* their respective Rule 23 claims. However, even with leave granted, Defendants will retain every opportunity to assert available defenses and oppose certification of these classes. However, the relevant Rule 23 class plaintiffs would be far more negatively impacted if they were denied even the opportunity to amend to seek such relief in a timely manner.

Therefore, because the only "undue prejudice" implicated by the Motion for Leave is not undue and Named Plaintiff, the proposed representative plaintiffs, and the putative Rule 23 class members would suffer far greater, the Court should grant the Motion.

### III. CONCLUSION

Defendants' Response omits relevant factual/procedural background to suggest Named Plaintiff has significantly delayed this lawsuit. However, as outlined above, Defendants attempt to flip the "prejudice" inquiry on its head. Rather, Named Plaintiff, the proposed other named plaintiffs, and the proposed putative Rule 23 class members would suffer significant and undue prejudice if they were not even permitted to pursue their claims in this lawsuit. Given Rule 15's liberal standard and Defendants' boilerplate "delay" and "prejudice" arguments, the Court should grant the Motion for Leave. Again, Defendants will suffer no greater prejudice from the foregoing beyond simply having to defend against litigation they would reasonably expect to defend against.

Therefore, and for the above reasons, Named Plaintiff respectfully requests that the Court grant his Motion and allow him to file the First Amended Complaint.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (OH Bar No. 0076017)
NILGES DRAHER LLC
7034 Braucher St NW, Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hnilges@ohlaborlaw.com

**COFFMAN LEGAL, LLC**
<u>/s/ Matthew J.P. Coffman</u>
Matthew J.P. Coffman (OH Bar No. 0085586)
1550 Old Henderson Rd Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

Larry A. Weisberg (PA Bar No. 83410)
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
Telephone: (717) 238-5707
Facsimile: (717) 233-8133
Email: lweisberg@weisbergcummings.com

*Attorneys for Named Plaintiff and those similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman

*Attorneys for Named Plaintiff and those similarly situated*
